UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| STEVEN GIBSON,<br><br>              Plaintiff,<br>v.<br><br>COBURN, et al.<br><br>              Defendants. | Civil Action No.<br><br>2:15-cv-03026-SDW-SCM<br><br>**ON ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT ORDERS** |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

Before this Court is a *sua sponte* Order to Show Cause why this case should not be dismissed for Plaintiff Steven Gibson's ("Mr. Gibson") failure to comply with this Court's orders.[1] For the reasons stated below, it is respectfully recommended that this case be **dismissed**.

**I.    BACKGROUND AND PROCEDURAL HISTORY[2]**

Mr. Gibson's civil rights complaint was filed on April 29, 2015.[3] On July 1, 2015, the Court dismissed as duplicative a later-filed complaint, approved Mr. Gibson's application to proceed *in forma pauperis*, and posted an amended complaint.[4] After much correspondence between the Court and Mr. Gibson regarding service of the amended complaint on various defendants and

---

[1] (ECF Docket Entry Nos. ("D.E.") 39, 41).

[2] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] (D.E. 1, Compl.)

[4] *Id.*

motions for appointment of *pro bono* counsel, the Court issued a Pre-trial Scheduling Order on March 29, 2017, addressing proper protocol for the parties to follow during discovery.[5] After six months of inactivity, on September 21, 2017, the Court issued a Letter Order scheduling a settlement conference for October 18, 2017.[6] The Letter Order mailed to Mr. Gibson was returned as undeliverable and Mr. Gibson failed to appear at the settlement conference.[7]

The Court issued an Order to Show Cause on October 18, 2017, stating in part that "unless [Mr. Gibson] files papers showing good cause why this case should not be dismissed by 11/3/2017; the District Court may dismiss this action without further notice."[8] The order required Mr. Gibson to both submit his papers by November 10, 2017, and to appear before the Court on November 17, 2017.[9] That Order was returned as undeliverable.[10] Mr. Gibson neither responded by the deadline nor appeared in person on November 17, 2017. Defense counsel was present.

Upon *sua sponte* review of the docket, the Court observed an address discrepancy which may have contributed to the returned mail.[11] For this reason, the Court afforded Mr. Gibson a second opportunity to respond.[12] A second Order to Show Cause was filed on November 17, 2017, stating in part that "unless [Mr. Gibson] files papers showing good cause why this case should not

---

[5] (D.E. 34, Scheduling Order).

[6] (D.E. 35, Letter Order).

[7] (D.E. 37).

[8] (D.E. 39, Order to Show Cause, at ¶ 1).

[9] *Id.* at ¶¶ 1, 3.

[10] (D.E. 40).

[11] (D.E. 41, Second Order to Show Cause, at 1).

[12] *Id.*

2

be dismissed by 12/1/2017; the District Court may dismiss this action without further notice."[13]

Mr. Gibson neither responded by the deadline nor appeared in person on December 15, 2017. Defense counsel was present. As of this date, that Letter Order has not been returned as undeliverable and Mr. Gibson has not responded.

## II.    LEGAL STANDARD AND ANALYSIS

Courts have the authority to dismiss an action for a party's failure comply with the court's orders.[14] Federal Rules of Civil Procedure 16(a) through (e) prescribe standards governing pretrial conferences, scheduling orders, and case management. Rule 16(f) authorizes sanctions for violations of the Court's standards. It provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders ... if a party or its attorney ... fails to obey a scheduling or other pretrial order."[15] This provision expressly incorporates the menu of sanctions available in Rule 37(b)(2)(A)(ii)-(vii), among others, for dismissal following a failure to comply with a discovery order.[16] Such possible sanctions include striking the disobedient party's pleadings in whole or in part.[17]

Before imposing a Rule 37 sanction that will effectively dispose of the case, the Court must consider and weigh six factors as outlined by the Third Circuit in *Poulis v. State Farm Fire &*

---

[13] *Id.* at ¶ 1.

[14] Fed.R.Civ.P. 16(f)(1)(C); Fed.R.Civ.P. 41(b).

[15] Fed.R.Civ.P. 16(f)(1)(C).

[16] Fed. R. Civ. P. 16(f)(1).

[17] Fed. R. Civ. P. 37(b)(2)(A)(iii).

*Casualty Co.*[18] The *Poulis* analysis calls on the Court to consider:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[19]

These factors, however, need not be considered if the dismissal is without prejudice.[20]

Accordingly, we will not address those factors here, except to note that Mr. Gibson is responsible for his failure to comply with the Court's orders. All litigants must comply with court orders.[21] "When they flout that obligation, they, like all litigants, must suffer the consequences of their actions."[22] Mr. Gibson failed to appear before the Court on several occasions, and failed to submit papers showing good cause why his case should not be dismissed, despite numerous opportunities to do so.

## III.  CONCLUSION

For the reasons articulated herein, the undersigned respectfully recommends that Mr. Gibson's pleading be **dismissed without prejudice**. The parties have fourteen days to file and

---

[18] 747 F.2d 863 (3d Cir. 1984); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) ("we have required a *Poulis* analysis when a district court imposes sanctions that are tantamount to default because they inevitably lead to liability for one party").

[19] *See Poulis*, 747 F.2d at 868.

[20] *Choi v. Kim*, 258 Fed.Appx. 413, 417 at n.5 (3d Cir. 2007).

[21] *See Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994) (internal citations omitted).

[22] *Id*.

4

serve any objections to this Report and Recommendation.[23] "The District Court need not consider frivolous, conclusive, or general objections."[24]

The Clerk of the Court shall mail copies of this Report and Recommendation to the Mr. Gibson at the address set forth below.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/18/2017 9:20:37 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

c (via U.S. Mail):

Mr. Steven Gibson
32 North Delsea Dr., Apt. B
Clayton, NJ  08312

---

[23] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[24] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987).